IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARBONNE INTERNATIONAL, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HEIDI PIERATT, doing business as "prattbrat1960" on the website www.ebay.com,<br><br>　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF, FOR VIOLATION OF 15 USC § 1114; 15 USC § 1125(a); 15 USC § 1125(c) AND RELATED CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Arbonne International, LLC, a Delaware limited liability company ("Plaintiff" or "Arbonne"), alleges as follows:

**PARTIES**

　　　　1.　　Plaintiff is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Irvine, California.

　　　　2.　　On information and belief, Defendant Heidi Pieratt ("Defendant") is a resident of Nashville, Tennessee.

**JURISDICTION**

　　　　3.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Plaintiff's claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and related claims under the laws of the State of Tennessee.

**VENUE**

　　　　4.　　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events giving rise to the claims herein occurred within this judicial district.

1

## FACTUAL ALLEGATIONS

### Arbonne & Its Trademarks

5. Arbonne distributes personal care, skincare, and nutrition products that are sold exclusively through Arbonne Independent Consultants ("Independent Consultants").

6. Arbonne devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation. By distributing products exclusively through its Independent Consultants, Arbonne ensures that users of its products receive personal attention and recommendations about which Arbonne products will be best for them. Further, each genuine Arbonne product is shipped directly by Arbonne and handled with the utmost care and precision during the packaging and transport process, so that customers receive fresh products in the best condition. In the highly competitive beauty market, quality and freshness are fundamental to the consumer's decision to purchase a product.

7. Arbonne has registered numerous trademarks with the United States Patent and Trademark Office with respect to its brand and products, including, but not limited to, ARBONNE® (U.S. Trademark Registration Nos. 4,491,258, 3,218,119, 3,159,918, and 1,770,981), ARBONNE INTERNATIONAL® (U.S. Trademark Registration No. 3,159,813), ARBONNE INTELLIGENCE® (U.S. Trademark Registration Nos. 4,629,529 and 3,514,987), ARBONNE ESSENTIALS® (U.S. Trademark Registration Nos. 4,136,385, 4,143,617, 4,143,616, 4,147,378, 4,147,377, and 4,136,347), RE9® (U.S. Trademark Registration Nos. 2,982,066 and 3,679,754), and RE9 ADVANCED® (U.S. Trademark Registration Nos. 3,887,045 and 3,887,044) (collectively, the "Arbonne Registered Trademarks").

8. The registration for each of the Arbonne Registered Trademarks is valid, subsisting and in full force and effect. Further, pursuant to 15 U.S.C. § 1065, the Arbonne

Registered Trademarks serve as conclusive evidence of Arbonne's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Arbonne's products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

9. Arbonne actively uses and markets all of the Arbonne Registered Trademarks in commerce.

10. Due to the quality and exclusive distribution of Arbonne's products, and because Arbonne is recognized as the source of high quality products, the Arbonne Registered Trademarks have enormous value.

**Arbonne Production, Distribution, and Quality Control**

11. Arbonne maintains unique quality controls by conducting all sales of its products through authorized Independent Consultants and by shipping all of its products directly from Arbonne to customers.

12. Each product contains a lot code, which allows Arbonne to track, among other things, when and where the product was manufactured and packaged. The lot code helps Arbonne identify and contain any quality problems that may arise. When there are quality issues with a particular product, on a certain production date, or at a certain manufacturing facility, the lot code allows Arbonne to identify other products that may be affected by the quality problem. With this information, Arbonne is better able to recall those distributed products that may share the defect and to prevent further recurrence of the defect. Because Arbonne has many topical skin, nutritional supplements, and similar products, it is critical for Arbonne to be able to take measures to track and control any defective products to protect customers and its goodwill.

3

13. Arbonne is itself responsible for all shipments to customers, maintaining strict product packaging and handling policies.

14. Arbonne also provides customers who purchase Arbonne products through authorized chains of distribution with a money back or replacement guarantee (the "Client Satisfaction Guarantee") to ensure that users of Arbonne's products are completely satisfied.

15. Independent Consultants are required to provide all of their customers with an official Arbonne receipt, which sets forth the Client Satisfaction Guarantee.

16. The Client Satisfaction Guarantee does not apply to products purchased outside of authorized channels.

17. To maintain the quality and consistency of its products and packaging, as set forth in Arbonne's Policies & Procedures, Arbonne strictly prohibits the sale of its products on the Internet, other than through Arbonne's website: For example, section 4.1 of Arbonne's Policies and Procedures states that "[a]ny online sales media, including independent websites, online retain stores, e-commerce sites, blogs, online malls or auction sites, such as, but not limited to, eBay, Amazon, Craigslist and Groupon are prohibited."

**The Unauthorized Sale of Arbonne Products**

18. On information and belief, sometime prior to September 2015, Defendant created a storefront on www.eBay.com ("eBay") with the name "heidiloup," through which Defendant sold Arbonne products.

19. On September 15, 2015, Arbonne, through counsel, sent a cease and desist letter to Defendant through eBay's messaging service demanding the removal of Arbonne products from the "heidiloup" storefront on eBay.

20. Arbonne product was purchased from "heidiloup" in or about September 2015, and the seller was identified as Heidi Louise Pieratt, 2107 Fremont Ave., Nashville, TN 37216.

21. On or about September 29, 2015, Arbonne, through counsel, sent a cease and desist letter to Defendant's address.

22. The letter, among other things, provided formal notice to Defendant that Arbonne's agreements with its Independent Consultants restricted them from selling products to online resellers.

23. On information and belief, Defendant changed her storefront name to "prattbrat1960" on or about October 1, 2015, and continued to sell Arbonne products.

24. On information and belief, Defendant acquires Arbonne products by purchasing products from authorized Independent Consultants so that Defendant can sell the Arbonne products on unauthorized third-party websites.

25. Defendant's purchase of products from these Independent Consultants for the purpose of resale causes the Independent Consultants to breach their agreements with Arbonne.

**Defendant's Illegal Sale of Arbonne Products**

26. Defendant, without authorization from Arbonne, sold and continues to sell products bearing the Arbonne Registered Trademarks on Internet sites including, but not limited to, eBay, and, on information and belief, through other channels.

27. The Arbonne products being sold by the Defendant on the Internet are not genuine Arbonne products because the products are not authorized for sale by Arbonne, are not sold with the official Arbonne receipt, do not ship directly from Arbonne under its strict packaging and handling policies, and are ineligible for the Client Satisfaction Guarantee.

5

28. On information and belief, some of the Arbonne products sold on the Internet by the Defendant have also been tampered with.

29. As a result, by her unauthorized use of the Arbonne Registered Trademarks, Defendant misleads consumers into believing they are purchasing products with the same quality controls and customer benefits as Arbonne products; in reality, however, the products sold by Defendant are materially different from genuine and authentic Arbonne products.

### Arbonne Has Suffered Significant Harm

30. Arbonne has suffered, and will continue to suffer, irreparable harm to its quality control procedures, the Arbonne Registered Trademarks, and its goodwill based upon Defendant's actions.

31. Defendant's conduct is knowing, intentional, willful, malicious, wanton, and contrary to law.

32. Arbonne is entitled to injunctive relief because Defendant continues to unlawfully sell Arbonne products, including by selling Arbonne products outside regular distribution channels, thus compromising quality control and by selling products with the Arbonne Registered Trademarks that are materially different than those offered for sale by Arbonne. Defendant's ongoing illegal conduct has caused and will continue to cause irreparable harm to Arbonne's goodwill; and has caused and will continue to cause Arbonne and its distributors to lose business.

### FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

33. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

34. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

35. Defendant willfully and knowingly uses the Arbonne Registered Trademarks in commerce with the sale of products without the consent of Arbonne.

36. Defendant's unauthorized use of the Arbonne Registered Trademarks in connection with the unauthorized resale of products is likely to cause confusion, cause mistake, or deceive because it suggests that the products offered for sale by Defendant are the same as the products legitimately bearing the Arbonne Registered Trademarks, and originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

37. Defendant's unauthorized use of the Arbonne Registered Trademarks has infringed and materially damaged the value of the Arbonne Registered Trademarks.

38. As a proximate result of Defendant's actions, Arbonne has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits.

39. Arbonne has no adequate remedy at law for Defendant's infringement. Unless Defendant is permanently enjoined, Arbonne will suffer irreparable harm to its business, goodwill and reputation.

40. Arbonne is entitled to temporary, preliminary, and permanent injunctive relief, as well as an award of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION
**False Advertising**
**15 U.S.C. § 1125(a)(1)(b)**

41. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

7

42. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

43. In her listings on the Internet, including but not limited to eBay, Defendant willfully and knowingly uses the Arbonne Registered Trademarks in commerce by selling and advertising of the sale of products using the Arbonne Registered Trademarks without the consent of Arbonne.

44. Defendant's unauthorized use of the Arbonne Registered Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive because it suggests that the products offered for sale are genuine and authentic products, and originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

45. Defendant's unauthorized and deceptive use of the Arbonne Registered Trademarks in their Internet listings is material and is likely to influence customers to purchase the product.

46. As a result, Arbonne has suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

47. Arbonne is entitled to temporary, preliminary, and permanent injunctive relief, as well as an award of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION
**Unfair Competition**
**15 U.S.C. § 1125(a)**

48. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

49. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

50. Defendant willfully and knowingly used the Arbonne Registered Trademarks in commerce with the sale and advertising of products containing the Arbonne Registered Trademarks without the consent of Arbonne.

51. Defendant's use of the Arbonne Registered Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Arbonne's products because it suggests that the products offered for sale by Defendant originate from, or are sponsored, authorized, or otherwise connected with Arbonne.

52. Defendant's unauthorized sale of products bearing Arbonne Registered Trademarks, and unauthorized use of Arbonne Registered Trademarks in advertising, materially damages the value of the Arbonne Registered Trademarks and causes significant damage to Arbonne's business relations.

53. Defendant's unauthorized sale of products bearing Arbonne Registered Trademarks and unauthorized use of Arbonne Registered Trademarks in advertising infringes on the Arbonne Registered Trademarks.

54. As a result, Arbonne has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

55. Arbonne is entitled to temporary, preliminary, and permanent injunctive relief, as well as an award of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## FOURTH CAUSE OF ACTION
### Trademark Dilution
### 15 U.S.C. § 1125(c)

56. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

57. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

58. Arbonne is the owner of the Arbonne Registered Trademarks, which are distinctive and widely recognized by the consuming public. Arbonne products are sold and purchased exclusively through its Independent Consultants.

59. Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

60. Defendant's use of the Arbonne Registered Trademarks in commerce began after the Arbonne Registered Trademarks had already become famous and widely recognized by the consuming public.

61. Defendant's willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of products bearing the Arbonne Registered Trademarks dilutes the Arbonne Registered Trademarks because the products sold by Defendant are not, in fact, genuine and authentic Arbonne products.

62. As a result of Defendant's unlawful actions, the reputation and goodwill associated with the Arbonne Registered Trademarks is harmed and Arbonne continues to suffer immediate and irreparable injury.

63. Further, Arbonne has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

64. Arbonne is entitled to temporary, preliminary, and permanent injunctive relief, as well as an award of Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## FIFTH CAUSE OF ACTION
### Tennessee Common Law Trademark Infringement

65. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above, and incorporates each allegation herein by reference.

66. This claim arises under the laws of the State of Tennessee.

67. The Arbonne Registered Trademarks are valid and subsisting trademarks in full force and effect.

68. Arbonne is the owner of the Arbonne Registered Trademarks, which are distinctive and widely recognized marks by the consuming public. Arbonne products are sold and purchased through its Independent Consultants throughout the United States, including Tennessee.

69. Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

70. Defendant's knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of products bearing the Arbonne Registered Trademarks without Arbonne's consent infringes on the Arbonne Registered Trademarks. This infringement includes selling "Arbonne products" that are materially different from genuine and authentic Arbonne products because, among other reasons, the products sold by Defendant do not have the same quality control procedures as authentic Arbonne products and consumers do not receive the warranties that Arbonne offers its customers who purchase Arbonne products through authorized chains of distribution.

71. The Arbonne products sold by Defendant are not, in fact, genuine and authentic Arbonne products.

72. Defendant's knowing and willful use of the Arbonne Registered Trademarks in connection with the unauthorized and illegal sale of their products without Arbonne's consent is likely to cause confusion, mistake, or deception as to the source of the origin of such Arbonne products.

73. As a result of Defendant's unlawful actions, the reputation and the goodwill associated with the Arbonne Registered Trademarks are harmed and Arbonne continues to suffer immediate and irreparable injury.

74. Further, Arbonne has suffered damages including, but not limited to, loss of sales, and loss of goodwill associated with its products.

## SIXTH CAUSE OF ACTION
### Common Law Tortious Interference with Contracts

75. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

76. This claim arises under the laws of the State of Tennessee.

77. Arbonne has contracts with its Independent Consultants, who sell Arbonne products.

78. Upon information and belief, Defendant had knowledge of Arbonne's contracts with its Independent Consultants.

79. Defendant, acting with malice, interfered with the contracts between Arbonne and its Independent Consultants by purchasing products from Independent Consultants for the purpose of reselling those products on the Internet, in violation of the Independent Consultants' contracts with Arbonne. Defendant thereby induced breaches of the contractual relationship between Arbonne and its Independent Consultants.

80. The breach of contract between Arbonne and its Independent Consultants was the proximate result of Defendant's conduct.

81. Defendant's actions were intentional, fraudulent, malicious, and/or reckless.

82. Defendant's actions caused injury to Arbonne for which Arbonne is entitled to compensatory and punitive damages.

### SEVENTH CAUSE OF ACTION
### Tortious Interference with Contracts
### Tenn. Code § 47-50-109

83. Arbonne re-alleges the allegations set forth in paragraphs 1-32 above.

84. This claim arises under the laws of the State of Tennessee.

85. Arbonne has contracts with its Independent Consultants, who sell Arbonne products.

86. Upon information and belief, Defendant had knowledge of Arbonne's contracts with its Independent Consultants.

87. Defendant, acting with malice, interfered with the contracts between Arbonne and its Independent Consultants by purchasing products from Independent Consultants for the purpose of reselling those products on the Internet, in violation of the Independent Consultants' contracts with Arbonne. Defendant thereby induced breaches of the contractual relationship between Arbonne and its Independent Consultants.

88. The breach of contract between Arbonne and its Independent Consultants was the proximate result of Defendant's conduct.

89. Defendant's actions caused injury to Arbonne for which Arbonne is entitled to treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Arbonne prays for relief and judgment as follows:

A. Judgment in favor of Arbonne and against Defendant in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B. A permanent injunction enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant (the "Enjoined Parties") as follows:

    i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Arbonne products,

    ii) Prohibiting the Enjoined Parties from using any of the Arbonne Registered Trademarks in any manner, including advertising on the Internet,

    iii) Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Arbonne products as well as any products bearing any of the Arbonne Registered Trademarks,

    iv) Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Arbonne Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendant has sold bearing these trademarks,

    v) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Arbonne's products, or any of the Arbonne Registered Trademarks,

    vi) Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Arbonne

> Registered Trademarks which associate Arbonne's products or the Arbonne Registered Trademarks with the Enjoined Parties or the Enjoined Parties' website,
>
> vii) Requiring the Enjoined Parties to take all action to remove the Arbonne Registered Trademarks from the Internet, including from the websites www.amazon.com and www.ebay.com;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arbonne demands a trial by jury on all issues so triable.

DATED: November 22, 2016          Respectfully submitted,

/s/ *R. Gregory Parker*
R. Gregory Parker (BPR 032516)
BASS BERRY & SIMS PLC
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201-3001
Telephone: (615) 742-6200
Facsimile: (615) 742-0442
gparker@bassberry.com

*Counsel for Arbonne International LLC*